**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALEXANDER JAMES SILVERS,

                Plaintiff,

vs.                                                           Case No. 3:08-cv-322-J-JRK

MICHAEL ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I.  Status**

Alexander James Silvers ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits and supplemental security income. His alleged inability to work is based on the following impairments: "[r]ight hand injury and right ankle and instep injury[.]" Transcript of Administrative Proceedings ("Tr.") at 113. Plaintiff was found not disabled by Administrative Law Judge ("ALJ") Robert Droker in a decision entered on December 12, 2007. Tr. at 42. Plaintiff has exhausted the available administrative remedies and the case is properly before the Court.

Plaintiff argues the ALJ erred in assessing Plaintiff's residual functional capacity ("RFC"). Memorandum in Support of Complaint (Doc. No. 23; "Pl.'s Mem.") at 6.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 20).

Specifically, Plaintiff contends the ALJ erred in evaluating the opinion of Plaintiff's examining physician regarding the type of work Plaintiff can perform (id. at 6-8), and in considering Plaintiff's pain complaints and effects (id. at 8-11). Because the ALJ's decision in both respects is supported by substantial evidence, it will be affirmed.

## II.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). When determining whether an individual is disabled, an ALJ must follow the five-step sequential inquiry described in the Code of Federal Regulations, determining as appropriate whether the claimant: 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past relevant work; and 5) retains the ability to perform any work in the national economy. See 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). It is not for this Court to reweigh the evidence; rather, this Court reviews the entire record to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The

substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Security, 363 F.3d 1155, 1158-59 (11th Cir. 2004).

### III. Discussion

Plaintiff argues the ALJ improperly assessed Plaintiff's RFC for two reasons. First, relying on a statement made by one of Plaintiff's examining physicians regarding the level of work Plaintiff can perform, Plaintiff claims the ALJ's finding with respect to such level was flawed. Pl.'s Mem. at 6-8. Second, Plaintiff contends his pain complaints and effects were not properly evaluated. Id. at 8-11. Each argument is addressed in turn.

**A. ALJ's Findings Regarding Light Duty Work**

Plaintiff argues the ALJ wrongly concluded he can perform sedentary or light duty work by failing to consider the "uncontroverted" opinion of examining physician Dr. Switzer properly. Pl.'s Mem. at 8. Plaintiff acknowledges that three physicians examined him in 2006: Dr. Switzer, Dr. Solis, and Dr. Lazo. Id. at 6. Plaintiff contends that Dr. Switzer was the only examining physician that commented on Plaintiff's ability to work, and Dr. Switzer opined Plaintiff would be restricted to "sedentary work." Id. at 8. Thus, says Plaintiff, Dr. Switzer's opinion in this regard should have been accepted by the ALJ. Id.

Examining physicians' opinions are not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam); see also Crawford v. Comm'r of

Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam). Nevertheless, an ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating "[r]egardless of its source, we will evaluate every medical opinion we receive"). The same criteria is used in evaluating medical opinions from treating and nontreating sources.[2] The relevant factors are: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5). Finally, "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981) (citing 20 C.F.R. § 404.1526 (1980)).

The ALJ gave "significant weight" to the opinions of examining physicians Dr. Lazo and Dr. Switzer, explaining as follows:

> As for the opinion evidence, C.V. Lazo, M.D., consultative examiner, noted the limitation of no prolonged standing, and this opinion was given appropriate weight because Dr. Lazo examined the claimant. Dr. Switzer also stated on November 13, 2006, the claimant could work if it did not require prolonged standing. Dr. Lazo also noted the claimant was capable of lifting up to 25 pounds, but should not have repetitive or stress use of the right hand. These limitations are supported by the medical evidence of record and thus given significant weight and reflected in the assessed residual functional capacity.

Tr. at 40 (internal citations omitted).

Although Dr. Switzer's opinion was given significant weight, Plaintiff complains that the ALJ did not limit his work to sedentary work. Pl.'s Mem. at 8. During Dr. Switzer's

---

[2] "Nontreating source means a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant]." 20 C.F.R. §§ 404.1502, 416.902

-4-

examination of Plaintiff, Plaintiff indicated he can walk "up to 3 blocks." Tr. at 241. Plaintiff's contention that Dr. Switzer opined he was limited to "sedentary work" is taken from Dr. Switzer's statement, which was not specifically mentioned by the ALJ, that "[w]alking approximately 3 blocks would limit [Plaintiff] pretty much to sedentary type occupation." Tr. at 244. However, Dr. Switzer's conclusory statement regarding Plaintiff's ability to walk three blocks is inconsistent with the Social Security Administration's Regulations regarding the requirements for light work and sedentary work.

The Social Security Regulations explain the difference between light work and sedentary work as follows:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. . . .

20 C.F.R. §§ 404.1567 and 416.967. The <u>full</u> range of "[l]ight work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." <u>Freeman v. Barnhart</u>, 220 F. App'x 957, 960 (11th Cir. 2007) (unpublished) (quoting SSR 83-10, 1983 WL 31251, *6).[3] Thus, when classifying types of work, the Regulations do not contemplate

---

[3] "Full Range of Work" means all or substantially all occupations existing at an exertional level. SSR 83-10, 1983 WL 31251 at *6.

claimants walking certain distances; rather, they contemplate "a certain amount of walking" for sedentary work, and "a good deal of walking" for light work. 20 C.F.R. §§ 404.1567 and 416.967.

After considering all of Plaintiff's symptoms and the extent to which those symptoms reasonably could be accepted as consistent with the evidence, the ALJ made clear, thorough findings with respect to Plaintiff's RFC. See Tr. at 37-40. The ALJ determined Plaintiff had the RFC "to perform sedentary or light work with a sit/stand option and a need to avoid: ladders or unprotected heights; operation of heavy moving machinery; more than occasional bending, crouching, kneeling, stooping, squatting and crawl; operation of foot controls with the right foot; and continuous grasping with the right hand." Tr. at 37. The ALJ's expression of Plaintiff's RFC accurately encompassed his exertional limitations, as determined on a function-by-function basis, and recognized Plaintiff can perform some, but not all, occupations at the light work level. Tr. at 41.

The ALJ's hypothetical to the vocational expert explicitly incorporated the functional limitations found by the ALJ, as the ALJ directed the vocational expert to presume that Plaintiff had the limitations listed above. Tr. at 19-20. Taking these limitations into account, the vocational expert identified three light work occupations that exist in significant numbers in the national economy Plaintiff can perform: an "outside deliverer"; a "coupon redemption clerk"; and a "ticket taker[.]" Tr. at 20. Further, the vocational expert identified two sedentary work occupations: "cutter/paster press clippings"; and "surveillance monitor[.]" Tr. at 21. Even if the ALJ incorrectly categorized Plaintiff's RFC, the vocational expert still identified

two jobs at the sedentary level that Plaintiff can perform, and those jobs were adopted by the ALJ in his Decision.  Tr. at 21, 42.

## B. ALJ's Findings Regarding Pain Complaints and Effects

Recognizing that two sedentary level positions were identified and "fit within the hypothetical as posed by the Court," Plaintiff argues the ALJ did not properly consider his pain and "resultant effects" when forming Plaintiff's RFC.  Pl.'s Mem. at 8.  Plaintiff alleges he drinks to fall asleep and sleeps, at times, "during the day because of sleep pattern interruption."  Id.  Plaintiff further alleges he "performs very few household activities, although he admitted that he could perform these tasks, if needed."  Id.

"In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain."  Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)).  "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability."  Holt, 921 F.3d at 1223.  Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony.  Wilson, 284 F.3d at 1225; see also Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after considering a claimant's complaints of pain [or other subjective symptoms], the ALJ

may reject them as not creditable, and that determination will be reviewed for substantial evidence"). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F.App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)); see also 20 C.F.R. § 416.929(c)(3)(i)-(vi) (providing the same).

Plaintiff testified he does his own laundry, and he makes his own bed. Tr. at 7-8. Plaintiff does not cook, do the dishes, or take the trash out, but could do those things if his family members were not doing them. Tr. at 8. He does not do any yard work. Tr. at 8. He goes to the grocery store "[e]very now and then," which he clarified is about one time per month. Tr. at 10. He carries light packages, but has help with heavier ones. Tr. at 10-11. On average, Plaintiff reads about thirty to forty minutes per day. Tr. at 9. He watches television for about two and one-half hours per day. Tr. at 9. He also listens to music for about two and one-half hours per day. Tr. at 9.

Plaintiff does have a driver's license. Tr. at 12. Although he is not currently driving due to an expired tag and lapsed insurance, he previously drove "about two or three days a week." Tr. at 12. Now, Plaintiff uses public transportation if he needs to go somewhere. Tr. at 12.

Plaintiff testified he has "stiffness in the joints." Tr. at 14. He also testified he has pain in his right hand, right ankle, and lower back. Tr. at 14, 16. When asked whether he

could perform "a sit down job," Plaintiff responded, "Well, I guess it depends on what it is . . ." and explained how a computer-related job would be problematic because of the pain in his right hand. Tr. at 16. He described the pain he experiences in his arm as "stabbing, sharp pain." Tr. at 16. Sometimes it occurs when he is lifting, and sometimes it occurs when he is resting. Tr. at 16. As for Plaintiff's right ankle, he testified he has pain "all the time." Tr. at 16-17. Further, he stated if he sits too long, "it gets stiff." Tr. at 17.

Plaintiff testified he sleeps some during the day if he "get[s] uncomfortable[.]" Tr. at 17. Sleeping helps relieve the pain. Tr. at 17. Plaintiff typically drinks "three or four beers a day," but has not been drinking lately because he cannot afford it and drinking causes "complications." Tr. at 18. Plaintiff also smokes one pack of cigarettes per day. Tr. at 18. Plaintiff testified he has not sought treatment for his underlying ailments because he does not have health insurance. Tr. at 16.

The ALJ found "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but their impact on his ability to work are not entirely credible in light of the claimant's own description of his activities and life style." Tr. at 38. The ALJ went on to summarize Plaintiff's testimony regarding his daily activities, and concluded, "These admitted activities provide support for the above described residual functional capacity." Tr. at 38. The ALJ's determination with respect to Plaintiff's daily activities is supported by substantial evidence.

Plaintiff points to various instances in the record when he complained to medical personnel and/or physicians regarding pain. Pl.'s Mem. at 10. Plaintiff argues "Dr. Lazo uses the term 'marked' which implies that the pain may interfere greatly with daily activities."

Id. at 9. Further, Plaintiff notes that "[a]lthough Dr. Switzer does not specifically use the term 'marked[,]' he does indicate that the reason [Plaintiff] is not able to work is because of the ankle pain. . .; Dr. Switzer directly links Plaintiff's inability to work with pain." Id.

The record shows Dr. Lazo diagnosed Plaintiff with "Comminuated medial malleolus fracture of right ankle treated by ORIF, 2000, with residual moderate to marked pain causing marked limitation for prolonged standing" and "Right hand laceration in 2004 of third metacarpal phalangeal joint causing pain on repetitive or stressful use of hand, lifting greater than 25 pounds." Tr. at 222. Although Dr. Lazo noted "moderate to marked pain" in Plaintiff's right ankle, he specifically found that the pain would cause "marked limitation for prolonged standing." Tr. at 222. Dr. Lazo also opined that the pain in Plaintiff's right hand would only surface if he used it repeatedly or lifted more than twenty-five pounds. Tr. at 222. The ALJ incorporated these opinions into the RFC. Tr. at 40.

Dr. Switzer opined "[t]he thing that appears to be keeping [Plaintiff] from working beginning in October 2005 is the increasing pain, which would be consistent with the degenerative aspect of his injury. In my opinion this will progress with time." Tr. at 245. However, Dr. Switzer also notes "with an adequate ankle fusion he could return to his previous occupation. He could even work in a less demanding job at this point if it did not require[] prolonged standing. . .[.]" Tr. at 245. Again, the ALJ specifically incorporated this opinion into the RFC. Tr. at 39-40.

Although the record contains documentation of Plaintiff's complaints of pain, the ALJ stated Plaintiff's allegations of pain "are far in excess of the medical evidence of record and other credible evidence." Tr. at 38. Plaintiff's medical documentation was summarized in

detail by the ALJ. Tr. at 38-39. It is evident that the ALJ considered all of Plaintiff's documentation concerning the effects of his alleged symptoms.

Furthermore, the ALJ recognized Plaintiff "sought minimal treatment for his alleged disabling impairments." Tr. at 39. The ALJ specifically rejected Plaintiff's reliance on his lack of health insurance as his reason for not seeking treatment, because "the record is marked with references of alcohol use and a daily smoking habit." Tr. at 38. According to the ALJ, although Plaintiff was instructed by staff at Shands Jacksonville to obtain a "Shands Card" which provides access to healthcare for indigent individuals, Tr. at 250, "[t]here was no evidence [Plaintiff] followed through with obtaining health insurance, or reduced his drinking or smoking in order to reallocate his resources to afford treatment." Tr. at 39.

The ALJ's reasons for discounting Plaintiff's allegations of pain are supported by substantial evidence, and the undersigned will not disturb the ALJ's credibility finding in this regard. See Wilson, 284 F.3d at 1225; Dyer, 395 F.3d at 1210; Marbury, 957 F.2d at 839.

### **IV. Conclusion**

In assessing Plaintiff's RFC, the ALJ properly considered the opinion of Plaintiff's examining physician and Plaintiff's complaints of pain and its effects. In accordance with the foregoing, it is hereby **ORDERED**:

1. The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's decision.

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on August 25, 2009.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record